| | |
|---|---|
| STEVEN W. PITE (CA SBN 157537)<br>DAVID E. McALLISTER (CA SBN 185831)<br>JOSE A. GARCIA (CA SBN 256539)<br>PITE DUNCAN, LLP<br>4375 Jutland Drive, Suite 200<br>P.O. Box 17933<br>San Diego, CA 92117-0933<br>Telephone: (619) 590-1300<br>Facsimile: (619) 590-1385<br><br>Attorneys for EMC MORTGAGE CORPORATION | |

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA - SANTA ROSA DIVISION

| | |
|---|---|
| In re<br><br>LEWIS EVAN SHAPIRO,<br><br>Debtor(s). | Case No. 09-11839<br><br>Chapter 13<br><br>OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN<br><br>CONFIRMATION HEARING:<br>DATE: September 29, 2009<br>TIME: 1:30pm<br>CTRM: Santa Rosa |

EMC Mortgage Corporation (hereinafter "Creditor"), secured creditor of the above-entitled Debtor, Lewis Evan Shapiro (hereinafter "Debtor"), hereby objects to the Chapter 13 Plan filed by Debtor in the above-referenced matter. The basis of the objection is stated below:

/./././

/././

/././

/././

/././

/././

/././

-1-

# I.
# **STATEMENT OF FACTS**

1. On or about September 29, 2003, Debtor, for valuable consideration, made, executed and delivered to SIB Mortgage Corp. ("Lender") a Promissory Note in the principal sum of $253,000.00 (the "Note"). Pursuant to the Note, Debtor is obligated to make monthly principal and interest payments. A true and correct copy of the Note is attached hereto as exhibit A and incorporated herein by reference.

2. On or about September 29, 2003, Debtor made, executed and delivered to Lender a Deed of Trust (the "Deed of Trust") granting Lender a security interest in certain real property located at 14716 Eagles Nest Lane, Guerneville, CA 95446 (hereinafter the "Subject Property"), which is more fully described in the Deed of Trust. The Deed of Trust was recorded on October 3, 2003, in the official records of the Sonoma County Recorder's office. A true and correct copy of the Deed of Trust is attached hereto as exhibit B and incorporated herein by reference. Thereafter, Debtor defaulted with payments under the Note and is contractually due for December 1, 2008.

3. On or about June 18, 2009, Debtor filed a Chapter 13 bankruptcy petition. Debtor's Chapter 13 Plan provides for payments to the Trustee in the sum of $111.50 per month for twenty-four (24) months. However, the Debtor's Chapter 13 Plan makes no provision for the cure of Creditor's pre-petition arrears.

4. The pre-petition arrearage on Creditor's secured claim is in the sum of $14,494.59.

5. Debtor will have to increase the payment through the Chapter 13 Plan to this Creditor to approximately $603.95 monthly in order to cure Creditor's pre-petition arrears over a period not to exceed twenty-four (24) months. Therefore, Debtors will have to increase the payment through the plan to a total of $715.45 monthly in order to cure Creditor's pre-petition arrears over a period not to exceed twenty-four (24) months.

/./././

/./././

/./././

/./././

Creditor now objects to the Chapter 13 Plan filed herein by the Debtor.

## II.

## ARGUMENT

Application of the provisions of 11 United States Code section 1325 determines when a plan shall be confirmed by the Court. Based on the above sections, as more fully detailed below, this Plan cannot be confirmed as proposed.

### A. DOES NOT MEET FULL VALUE REQUIREMENT
11 U.S.C. § 1325(a)(5)(B)(ii).

The amount of arrearage in Debtor's Chapter 13 Plan is incorrect. The pre-petition arrears specified in the Chapter 13 Plan are $0.00. The actual pre-petition arrears equal $14,494.59. As a result, the Plan fails to satisfy 11 U.S.C. § 1325(a)(5)(B)(ii).

### B. PROMPT CURE OF PRE-PETITION ARREARS
11 U.S.C. § 1322(d).

Debtor will have to increase the payment through the Chapter 13 Plan to this Creditor to approximately $603.95 monthly in order to cure Creditor's pre-petition arrears over a period not to exceed twenty-four (24) months. Therefore, Debtors will have to increase the payment through the plan to a total of $715.45 monthly in order to cure Creditor's pre-petition arrears over a period not to exceed twenty-four (24) months.

### C. FEASIBILITY
11 U.S.C. § 1325(a)(6); 11 U.S.C. § 1322(d).

Debtor's Schedule J indicates that the Debtor has disposable income of $110.49. However, Debtor will be required to apply $715.45 monthly to the Chapter 13 Plan in order to provide for a prompt cure of Creditor's pre-petition arrears. Debtor lacks sufficient monthly disposable income with which to fund this Plan.

1     WHEREFORE, Creditor respectfully requests:

2     1.    That confirmation of the Debtor's Chapter 13 Plan be denied;

3     2.    That Debtor's case be dismissed;

4     3.    Alternatively, that the Plan be amended to reflect that the pre-petition arrears listed in Creditor's Proof of Claim be paid within a period not exceeding 24 months; and

6     4.    For such other and further relief as this Court deems just and proper.

                                  Respectfully submitted,

Dated: August 31, 2009           PITE DUNCAN, LLP

                                /s/ JOSE A. GARCIA CA SBN 256539
                                Attorneys for EMC MORTGAGE CORPORATION