Evan Martyndale Livingstone, SBN 252008
182 Farmers Lane, Suite 100A
Santa Rosa, CA 95405
Tel: (707) 571-8600
Fax: (707) 676-9112
Email: evanlivingstone@sbcglobal.net

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| IN RE: | ) | Case No.     09-11839 |
| | ) | |
| Lewis Evan Shapiro | ) | Chapter 13 |
| | ) | |
| Debtor | ) | |
| _____ | ) | |

**MOTION FOR ORDER VALUING JUNIOR
LIEN OF SECURED CREDITOR AS $0**

To Secured Creditors **CITIMORTGAGE INC.**

**Relief Requested**

Debtors hereby move pursuant to FRBP Rule 3012 and 11 U.S.C. §§506, 1322 (b)(2) and 1327 for an order valuing the junior secured claim of **Citimortgage Inc**, it successors and/or assigns (Creditor), at zero dollars ($0), and for an order that the Lien may not be enforced, and shall be voided for all purposes, upon application by Debtor, when the Debtor completes her Chapter 13 plan payments and receives her discharge from the Court.

**The Motion**

1. Debtors filed this Chapter 13 case on June 18, 2009. David Burchard is the duly appointed and acting Trustee to the bankruptcy estate.

2. This motion is filed pursuant to 11 U.S.C. §1322 to avoid and cancel a lien held by Creditor upon real property used as debtors' residence. This piece of real estate is the single-family dwelling described as 14716 Eagle Nest Ln, Guerneville CA, APN 070-293-041-000 ("Real Property").

3. Debtor estimates the value of the Real Property to be $225,000.

4. On or about 10/03/03, EMC Mortgage extended credit to Debtor and Debtor granted a security interest to Washington Mutual in the Real Property that was properly perfected with the recording of the first deed of trust with the Sonoma County Recorder's Office. The instrument number is believed to be 2003209419. Debtors are informed and believe that on the day the petition was filed the obligation to EMC Mortgage had a principal balance of $ 233,748. The loan number for this obligation is 5890022608269.

5. On or about 12/27/05 Creditor extended credit to Debtor and Debtor granted a security interest to Creditor in the Real Property that was properly perfected with the recording of a second deed of trust with the Sonoma County Recorder's Office Instrument Number: 2006001439. Debtors are informed and believe that on the day the petition was filed this obligation had a principal balance of $ 44,407.00. The loan number for this obligation was 630037591.

. 6. The Real Property is worth less than what is currently owed to the holder of the senior first Deed of Trust. Creditor's second Deed of Trust is entirely unsecured and there is no equity to support said lien.

7. The claim of Creditor predicated on such second Deed of Trust is a wholly unsecured lien against the Real Property and is accordingly not protected by the anti-modification clause of Bankruptcy Code §1322. Lender Creditor's junior lien claim should therefore be valued pursuant to 11 U.S.C. §506 and Bankruptcy Rule 3012 at zero dollars ($0) and, after such valuation,

voided, canceled, extinguished and formally stripped off of debtors' Real Property so that it no longer remains a recorded lien or encumbrance on the Real Property. The claim of Creditor on its second Deed of Trust should be paid only as a general unsecured claim Chapter 13 Plan and should not be paid as a secured claim for any amount whatsoever. *In re Zimmer* (9th Cir. 2002) 313 F2d 1220, 1222-1225.

8. The 9th Circuit rule In re Zimmer allowing such wholly unsecured junior lien claim to be stripped off the Real Property through a Chapter 13 Plan is in harmony with all of the other Circuit decisions which have considered the issue. See *In re Lane* (6th Cir. 2002) 280 F3d 663, 667-669; *In re McDonald* (3rd Cir. 2000) 205 F3d 606, 615; *In re Tanner* (11th Cir. 2000) 217 F3d 1357; *In re Mann* (BAP 1st Cir. 2000) 249 BR 831; *In re Bartee* (5th Cir. 2000) 212 F3d 277.

9. Bankruptcy Rule 3012 provides that the court may determine the value of a claim secured by a lien on property in which the estate has an interest on motion of any party in interest and after a hearing on notice to the holder of the secured claim and accordingly the within motion to determine and value lender's secured claim at zero ($0) dollars in debtors' Chapter 13 reorganization plan is proper.

WHEREFORE, debtors pray that the Court determine the Creditor's junior lien should be valued at zero dollars ($0), that Creditor may take no action to enforce this lien, and for an order avoiding the lien should debtors complete this Chapter 13 Plan and receive a discharge.

Date: September 1, 2009

*Evan Livingstone*
_____
Evan Livingstone
Attorney for Debtor