Timothy J. Silverman, Esq. [SBN 145264]
SOLOMON, GRINDLE, SILVERMAN & SPINELLA
A Professional Corporation
12651 High Bluff Drive, Suite 300
San Diego, California 92130
Telephone: (858) 793-8500
Facsimile: (858) 793-8263

Attorneys for Secured Creditor
CAPITAL ONE AUTO FINANCE

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA - SANTA ROSA DIVISION

| | |
|---|---|
| In re:<br><br>LEWIS E. SHAPIRO,<br><br>Debtor. | Case No: 09-11839<br><br>**OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**<br><br>Confirmation Hearing:<br><br>Date: October 19, 2009<br>Time: 1:30 p.m.<br><br>*The Courtroom of the Honorable Alan Jaroslovsky* |

Secured Creditor, CAPITAL ONE AUTO FINANCE ("CAPITAL ONE") hereby objects to confirmation of the proposed Chapter 13 Plan of Reorganization ("Plan") filed by Lewis E. Shapiro ("Debtor") as follows:

I. STATEMENT OF FACTS:

A. On or about August 29, 2007, the Debtor executed and delivered to CAPITAL ONE a Retail Installment Sale Contract Simple Interest Finance Charge ("Contract"), for value received. Pursuant to the terms of Contract, the Debtor promised to pay to CAPITAL ONE the principal sum of $16,666.19 at an initial interest rate of 10.47%, for sixty (60) months until paid in full.

B. To secure repayment of this indebtedness, the Debtor granted to CAPITAL ONE a beneficial interest in the personal property described as a 2006 Chevrolet Express, VIN 1GCFG15XX61211369. CAPITAL ONE's lien and security interest is evidenced by the State of California lien verification for the vehicle.

C. On June 18, 2009, six hundred sixty (660) days after entering into the Contract with CAPITAL ONE, the Debtor filed the within Chapter 13 Case. In the initial Chapter 13 Plan filed on or about June 18, 2009, the Debtor made no provision for the remaining amounts due and owing to CAPITAL ONE. In the First Amended Chapter 13 Plan filed on or about September 16, 2009, the Debtors proposes to treat CAPITAL ONE's claim as follows: Secured $7,320.00, at six percent (6%) interest over thirty-six (36) months, with any remaining balance as unsecured.

D. The total amount due and owing to CAPITAL ONE on the Contract as of June 18, 2009, is $12,801.15, excluding attorney's fees and costs.

II. PAYMENT OF PURCHASE MONEY SECURITY INTEREST CLAIMS

Bankruptcy Code §1325(a)(5), recently amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("the Act"), provides that "... if the creditor has a purchase money security interest securing the debt that is the subject of the claim, the debt was incurred within the 910-day preceding the date of the filing of the petition, and the collateral for that debt consists of a motor vehicle...", then §506 does not apply. That is, the Debtor is prohibited from utilizing §506 to bifurcate the claim into secured and unsecured portions for purposes of payment through a Chapter 13 Plan. As a result, debts which meet the requisites are to be treated as fully secured.

In the instant case, CAPITAL ONE's debt does meet all of the requirements of §1325(a)(5) in that it does possess a purchase money security interest in a consumer vehicle incurred within 910 days prior to the bankruptcy filing. As a result, CAPITAL ONE's claim should be treated as fully secured in the Debtor's Plan in the amount of $12,801.15, to be repaid with interest.

///

III. **CONCLUSION**

WHEREFORE, premises considered, CAPITAL ONE prays that confirmation of the proposed Chapter 13 Plan be denied. Alternatively, CAPITAL ONE requests that the Debtor's treatment of its claim be amended in accordance with §1325(a)(5). CAPITAL ONE prays for such other and further relief to which it may be justly entitled.

Dated: October 9, 2009

Respectfully Submitted,

SOLOMON, GRINDLE, SILVERMAN & SPINELLA

By: /s/ Timothy J. Silverman
Timothy J. Silverman, Esq.
Attorneys for Secured Creditor CAPITAL ONE AUTO FINANCE