```
 1  KATHERINE JOHNSON (CA SBN 259854)
    JOHN B. ACIERNO III (CA SBN 257170)
 2  PITE DUNCAN, LLP
    4375 Jutland Drive, Suite 200
 3  P.O. Box 17933
    San Diego, CA 92177-0933
 4  Telephone: (858) 750-7600
    Facsimile: (619) 590-1385
 5
 6
    Attorneys for  US BANK, NA AS TRUSTEE FOR CCB LIBOR SERIES 2007-1 TRUST
 7
```

**Entered on Docket
December 29, 2009
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA**

Signed: December 29, 2009

_____
ALAN JAROSLOVSKY
U.S. Bankruptcy Judge



UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA - SANTA ROSA DIVISION

| | |
|---|---|
| In re<br><br>LEWIS EVAN SHAPIRO,<br><br><br><br><br><br><br><br>Debtor(s). | Case No. 09-11839-AJ<br><br>Chapter 13<br><br>R.S. No. JBA-1005<br><br>ORDER GRANTING MOTION FOR RELIEF FROM AUTOMATIC STAY<br><br>DATE:    December 10, 2009<br>TIME:    9:00am<br><br>Northern District of California - Santa Rosa Division<br>United States Bankruptcy Court<br>99 South "E" Street<br>Santa Rosa, CA 95404-6524 |

The above-captioned matter came on for hearing on December 10, 2009, at 9:00 AM, upon the Motion of US Bank, NA as trustee for CCB Libor Series 2007-1 Trust ("Movant"), for relief from the automatic stay of 11 U.S.C. § 362, to enforce its interest in the property of Lewis Evan Shapiro ("Debtor") commonly known as 14650 Uhl Avenue, Clearlake, California 95422 (the "Real Property"), which is legally described as follows:

/././

/././

- 1 -

LOT 45 IN BLOCK 7, OF THAT CERTAIN SUBDIVISION KNOWN AS "CLUB HOUSE ADDITION TO CLEARLAKE HIGHLANDS, THIRD PORTION OF TRACTS A AND B, ETC.", FILED IN THE OFFICE OF THE COUNTY RECORDER OF SAID LAKE COUNTY ON OCTOBER 15, 1924, IN BOOK 4 OF TOWN MAPS AT PAGE 4.

APN: 040-172-55 (Old APN), 040-172-57 (New APN)

Appearances as noted on the record.

Based on the arguments of counsel, and good cause appearing therefor,

IT IS HEREBY ORDERED:

1. The automatic stay of 11 U.S.C. § 362, is hereby terminated as it applies to the enforcement by Movant of all of its rights in the Real Property under Note and Deed of Trust, and pursuant to applicable state law;

2. Movant is authorized to foreclose its security interest in the Real Property under the terms of the Note and Deed of Trust, and pursuant to applicable state law;

3. The 14-day stay provided by Bankruptcy Rule 4001 (a)(3) is waived;

4. Post-petition attorney's fees and costs for the within motion may be added to the outstanding balance of the subject Note as allowed under applicable non-bankruptcy law;

5. Upon foreclosure, in the event Debtor fails to vacate the Real Property, Movant may proceed in State Court for unlawful detainer pursuant to applicable state law;

6. Upon entry of this Order, the Chapter 13 Trustee shall cease making payments in regard to Movant's claim filed in this bankruptcy case;

7. Movant may offer and provide Debtor with information re: a potential Forbearance Agreement, Loan Modification, Refinance Agreement, or other Loan Workout/Loss Mitigation Agreement, and may enter into such agreement with Debtor. However, Movant may not enforce, or threaten to enforce, any personal liability against Debtor if Debtor's personal liability is discharged in this bankruptcy case; and

8. This Order shall be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

** END OF ORDER **